PETER DOUGLAS, Respondent, v. G. L. F. FARM SUPPLIES, DIVISION OF COOPERATIVE GRANGE LEAGUE FEDERATION, INC., Appellant.

Appeal from an order of the Supreme Court at Special Term, entered March 26, 1953, in New York County, which denied a motion by defendant for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice.

MEMORANDUM BY THE COURT. On the affidavits, giving plaintiff the most favorable view thereof, he does not establish that he was the procuring cause of the sale of the oil storage facilities. He admitted in writing that he could not effect the sale on the authorized terms and implied that he would continue his efforts to learn the reasons for the eventual customer's disinclination to purchase. Plaintiff's affidavits are likewise insufficient in failing to aver evidentiary facts. He describes his conversations as being with "Gulf", referring to a huge corporation, failing to specify the persons with whom he claims to have spoken. Moreover, assuming that plaintiff established a completed brokerage, which he did not, the documents of retainer relate to a transaction involving the subleasing of "storage", and specify five stationary oil tanks of the capacity of 325,000 barrels, and therefore are concerned with real property or an interest therein. Plaintiff does not negate this except by way of argumentative conclusions. Accordingly, to be entitled to recover plaintiff must have alleged and proven that he was licensed as a real estate broker or real estate salesman. This he did not do.

Order denying defendant's motion for summary judgment reversed and motion granted, with costs.

COHN, J. (dissenting). This action is brought to recover commissions pursuant to a contract under which plaintiff allegedly was engaged to secure a customer for the purchase of defendant's thru-put oil service. Whether plaintiff broker was the procuring cause of the sale of the defendant's oil service is an issue which can only be determined on a trial. It appears that the lease of the thru-put service was not intended to pass an interest in land but is merely a sale of a service quite commonly employed in the oil industry. If this is not a real estate transaction, there would be no bar to recovery of commissions on the ground that plaintiff is not a licensed real estate broker. Moreover, there is nothing which suggests that the agreement in suit is within the purview of subdivision 10 of section 31 of the Personal Property Law. In any event, plaintiff, on the whole, has shown sufficient facts to entitle him to a trial of the issues.

Accordingly, I dissent and vote to affirm the order denying defendant's motion for summary judgment.

Peck, P. J., Dore, Breitel and Bastow, JJ., concur in Memorandum by the Court; Cohn, J., dissents and votes to affirm in opinion.

Order reversed, with $20 costs and disbursements to the appellant, and the motion for summary judgment granted.